**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Pamela Dickens,**

     **Plaintiff,**

**v.**

 **Yale Property Management LLC and**
 **Joel Fisch, Individually,**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pamela Dickens, hereinafter referred to as "PLAINTIFF" pursuant

to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

("FLSA"), by and through her undersigned counsel and sues the Defendants, Yale

Property Management LLC hereinafter referred to as "YALE" and Joel Fisch

individually, hereinafter referred to as "FISCH", collectively known as

"DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and

29 U.S.C. § 216(b) because this action arises under the Fair Labor Standards Act

of 1938, 29 U.S.C. §§ 201 et seq.

2.     Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b) because all unlawful employment practices alleged herein occurred at Defendant's place of business located at 13911 North 19th Street, Tampa, Florida 33613, where Plaintiff was employed.

3.     Defendant is subject to personal jurisdiction in this District because Defendant conducted and continues to conduct business in Tampa, Florida, and because the acts and omissions giving rise to this action occurred in this District.

**PARTIES**

4.     Plaintiff Pamela Dickens is a resident of Lutz, Florida, and was employed by Defendant as a Property Manager in Tampa, Florida from in or around December 2024 through November 20, 2025, and in a sales role from in or around January 2024 through her promotion. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

5.     Defendant Yale Property Management LLC is a private employer organized and doing business in the State of Florida, with its principal place of operations at 13911 North 19th Street, Tampa, Florida 33613. Defendant employs approximately 50 to 99 employees and, at all times relevant to this action, was an "employer" engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(s).

2

6.     Defendant, Fisch, is the CEO of Yale Property Management and was acting in a supervisory capacity for Defendant, Yale.   Defendant, Fisch, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records.  Defendant, Fisch, possessed operational control of business activities.

7.     Defendant, Fisch, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

8.     At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9.     At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10.     Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

3

11.     Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendants, 29 U.S.C. §207(a)(1).

12.     Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

13.     Defendant hired Plaintiff on or around January 10, 2024, for work at Defendant's property management business in Tampa, Florida. Alex Rosenstock served as Plaintiff's hiring manager, direct supervisor, and management and human resources contact throughout her employment.

14.     In or around December 2024, Defendant promoted Plaintiff from a sales role to the position of Property Manager. The promotion increased Plaintiff's responsibilities and compensation.

15.     In the Property Manager role, Plaintiff was paid a regular hourly rate of $34.00 per hour. Plaintiff's compensation also included commissions and performance-based bonuses. Plaintiff's own time records, as reflected in Defendant's timekeeping system, document that Plaintiff routinely worked in excess of forty hours in a single workweek.

16     Throughout the relevant period, Plaintiff regularly worked approximately 100 hours in each biweekly pay period. Plaintiff's timecards

show, among other examples, pay periods totaling 99.73 hours (September 13–26, 2025), 96.44 hours (July 16–31, 2025), 98.46 hours (April 16–30, 2025), 94.85 hours (January 16–31, 2025), and 89.73 hours (January 1–15, 2025).

17. Defendants' own timekeeping records reflect hours worked beyond the eighty-hour biweekly cap that Defendants capped for payroll purposes, labeling substantial hours each period as "unpaid." Examples from Plaintiff's records include 17.07 unpaid hours for the period August 30–September 12, 2025; 15.60 unpaid hours for August 16–29, 2025; 21.61 unpaid hours for May 16–31, 2025; 16.73 unpaid hours for May 1–15, 2025; and 14.09 unpaid hours for January 1–15, 2025.

18. Despite Plaintiff's regular and recurring overtime hours, Defendants paid Plaintiff only her straight-time rate of $34.00 per hour for all hours worked and failed to pay Plaintiff at the rate of one and one-half times her regular rate for each hour worked in excess of forty in any workweek, as required by 29 U.S.C. § 207(a)(1).

19. Defendants' failure to pay overtime was willful. Defendants maintained a timekeeping system that captured Plaintiff's actual hours, including hours exceeding forty per workweek, yet systematically capped payroll records at eighty hours per biweekly period and designated additional hours as "unpaid" rather than compensating Plaintiff at the overtime rate.

20.     Prior to her termination, Plaintiff made repeated verbal and written complaints to Defendants' management personnel, including Mr. Fisch and Alex Rosenstock, demanding payment of wages owed, including overtime compensation, promised bonuses, and hours approved but not paid. These complaints constituted protected activity under the FLSA, 29 U.S.C. § 215(a)(3).

21.     Despite her strong performance record, including 37 units leased and 48 lease applications generated in the period September through November 2025, the highest among assigned leasing agents during that period, Defendants terminated Plaintiff's employment on November 20, 2025, without any prior written warning, write-up, or performance-based reason. Defendant assigned Joseph Pillittieri to take over the role Plaintiff had held, effective shortly after her discharge.

22.     The timing of Plaintiff's termination, following her repeated demands for payment of wages owed and in the midst of ongoing wage disputes establishes a causal nexus between Plaintiff's protected complaints and Defendants' adverse employment action.

## COUNT I
## VIOLATION OF THE FLSA: UNPAID OVERTIME COMPENSATION
## AS TO ALL DEFENDANTS

23.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

6

24.     The FLSA requires that any employer engaged in commerce pay each non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty in a work week. 29 U.S.C. § 207(a)(1).

25.     Plaintiff was a non-exempt employee within the meaning of the FLSA at all times relevant to this action.

26.     Defendants failed to compensate Plaintiff at the overtime rate for all hours Plaintiff worked in excess of forty per workweek during the period of her employment, in violation of 29 U.S.C. § 207(a)(1).

27.     Defendants' failure to pay overtime was willful within the meaning of 29 U.S.C. § 255(a) because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA.

28.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in the form of unpaid overtime wages in an amount to be determined at trial.

29.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, reasonable attorney's fees, costs, and all other relief authorized by the FLSA.

## COUNT II
## VIOLATION OF THE FLSA: RETALIATION

30.     Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as though set forth fully herein.

31.     The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has filed a complaint or engaged in any other protected activity under the Act. 29 U.S.C. § 215(a)(3).

32.     Plaintiff engaged in protected activity by making repeated internal complaints to Defendants' management personnel, including Mr. Fisch and Alex Rosenstock, demanding payment of wages she was owed under the FLSA, including unpaid overtime compensation and other promised wages.

33.     Defendant was aware of Plaintiff's complaints and wage demands.

34.     On November 20, 2025, Defendant discharged Plaintiff in retaliation for her protected activity. The discharge occurred without prior discipline, without a documented performance basis, and in close temporal proximity to Plaintiff's ongoing wage complaints, giving rise to a strong inference of retaliatory intent.

35.     As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered lost wages, lost earning capacity, lost commission and bonus opportunities, and other damages in an amount to be determined at trial.

36.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover lost wages, compensatory damages, attorney's fees, costs, and all other legal and equitable relief authorized by the FLSA.

WHEREFORE, Plaintiff Pamela Dickens respectfully requests that this Court enter judgment in her favor and against Defendant Yale Property Management LLC, and grant the following relief:

(a)    a declaration that Defendant violated the FLSA by failing to pay Plaintiff overtime compensation as required by 29 U.S.C. § 207(a)(1);

(b) a declaration that Defendant violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), by discharging Plaintiff in retaliation for her protected complaints;

(c)    all unpaid overtime wages due under the FLSA;

(d)    an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

(e)    compensatory damages for lost wages and other losses proximately caused by Defendant's retaliatory discharge;

(f)    pre-judgment and post-judgment interest as permitted by law;

(g)    reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

(h)    such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
## AS TO YALE PROPERTY MANAGEMENT LLC

9

37.     Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as though set forth fully herein.

38.     Plaintiff earned wages over the course of her employment which are owed and payable by the Defendant, Yale.

39.     The unpaid wages are commissions that were earned but not paid.

40.     Defendant Yale, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment, and is entitled to attorney's fees pursuant to Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, Yale, for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 28, 2026

**FLORIN|GRAY**

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.: 907804

10

wflorin@floringray.com
Troy E. Longman II
Florida Bar No.: 1031921
tlongman@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*

11